JS 44  (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

Cynthia Taylor and Willie Johnson

**(b)**  County of Residence of First Listed Plaintiff   Chester County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

I. Michael Luber, 1420 Walnut Street, Suite 300, Philadelphia, PA, 19102

## DEFENDANTS

Curtis Lynn Myers and Riggs Distler & Company, Inc.

County of Residence of First Listed Defendant   Washington County, MD
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Sarah Baker - Kiernan Trebach, Ten Penn Center, Suite 770, 1801 Market St, Philadelphia, PA, 19103

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
        Plaintiff

☐ 2   U.S. Government
        Defendant

☐ 3   Federal Question
        *(U.S. Government Not a Party)*

☒ 4   Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|                          | PTF | DEF |                                                     | PTF | DEF |
|--------------------------|-----|-----|-----------------------------------------------------|-----|-----|
| Citizen of This State    | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☐ 1   Original
        Proceeding

☒ 2   Removed from
        State Court

☐ 3   Remanded from
        Appellate Court

☐ 4   Reinstated or
        Reopened

☐ 5   Transferred from
        Another District
        *(specify)*

☐ 6   Multidistrict
        Litigation -
        Transfer

☐ 8   Multidistrict
        Litigation -
        Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332

Brief description of cause:
Motor Vehicle Accident

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
   UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   9/14/22

*Sarah M. Baker*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 103 Garfield Avenue, Apartment 23, West Chester, PA, 19380 _____

Address of Defendant: _____ 337 Wakefield Road, Hagerstown, Maryland _____

Place of Accident, Incident or Transaction: _____ Westtown Township, Delaware  County, Pennsylvania _____

---

***RELATED CASE, IF ANY:***

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when ***Yes*** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____ 9/14/22 _____     _Sarah M. Bach_     _____ 206536 _____
　　　　　　　　　　　　　　　　*Attorney-at-Law / Pro Se Plaintiff*　　　　　　*Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

***A.***　***Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
　　 *(Please specify):* _____

***B.***　***Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☑ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
　　 *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____     _____     _____
　　　　　　　　　　　　　　　　*Attorney-at-Law / Pro Se Plaintiff*　　　　　　*Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Cynthia Taylor & Willie Johnson | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Curtis Lynn Myers and | : | NO. |
| Riggs Distler & Company, Inc. | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ( )

| | | |
|---|---|---|
| 9/14/22 | Sarah M. Baker, Esquire | Defendants |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-569-4433 | 215-569-4433 | sbaker@kiernantrebach.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CYNTHIA TAYLOR and WILLIE JOHNSON,<br>Plaintiffs<br><br>v.<br><br>CURTIS LYNN MYERS and<br>RIGGS DISTLER & COMPANY, INC.<br>Defendants | Civil Action No. |

**NOTICE OF REMOVAL OF DEFENDANTS, CURTIS LYNN MYERS AND**
**RIGGS DISTLER & COMPANY, INC.**

Defendants, Curtis Lynn Myers and Riggs Distler & Company, Inc., by and through their undersigned counsel, KIERNAN TREBACH LLP, and pursuant to 28 U.S.C. §§1441 and 1332, hereby remove to this Court an action pending in the Court of Common Pleas of Philadelphia County, Pennsylvania. The grounds for this Removal are set forth below:

1.      This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and which may be removed on the petition of Defendants, Curtis Lynn Myers and Riggs Distler & Company, Inc., to this District Court pursuant to 28 U.S.C. §§ 1441 and 1446.

2.      Plaintiffs initiated this action via a Complaint on August 11, 2022, in the Court of Common Pleas of Philadelphia County captioned "Cynthia Taylor and Willie Johnson v. Curtis Lynn Myers and Riggs Distler & Company, Inc." at August Term, 2022, No. 001368. A true and correct copy of the Complaint is attached hereto and incorporated herein as Exhibit "A."

3.      Plaintiff, Cynthia Taylor, avers in the Complaint that she resides at 103 Garfield Avenue, Apartment 23, West Chester, PA.  *See* Exhibit "A" at ¶ 1.

4.      Plaintiff, Willie Johnson, avers in the Complaint that he resides at 103 Garfield Avenue, Apartment 23, West Chester, PA.  *See* Exhibit "A" at ¶ 2.

5.      Plaintiffs named the following Defendants in her Complaint: Curtis Lynn Myers and Riggs Distler & Company, Inc. *See* Exhibit "A."

6.      Plaintiffs aver in the Complaint that Defendant Curtis Lynn Myers resides at 337 Wakefield Road, Hagerstown, Maryland. *See* Exhibit "A" at ¶ 3.

7.      Plaintiffs aver in the Complaint that Defendant Riggs Distler & Company, Inc. is a Maryland corporation with a corporate office located at 4 Esterbrook Lane, Cherry Hill, New Jersey. *See* Exhibit "A" at ¶ 4.

8.      Plaintiff Cynthia Taylor demands judgment against Defendants, Curtis Lynn Myers and Riggs Distler & Company, Inc. "in excess of FIFTY THOUSAND ($50,000.00) DOLLARS." *See* Exhibit "A" at unnumbered "wherefore" paragraphs following Counts I and II.

9.      Plaintiff Willie Johnson demands judgment against Defendants, Curtis Lynn Myers and Riggs Distler & Company, Inc. "in excess of FIFTY THOUSAND ($50,000.00) DOLLARS." *See* Exhibit "A" at unnumbered "wherefore" paragraphs following Counts III and IV.

10.      The general removal statute, 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court" over which federal district courts have original jurisdiction, through federal question or diversity of citizenship, may be removed by "the defendant or the defendants." *See* 28 U.S.C. § 1441(a).

11.      In order to remove, a "defendant or defendants" must meet the requirements provided for removal detailed in other provisions, such as diversity of citizenship and consent of all defendants who have been properly joined and served. *See* 28 U.S.C. § 1441(b)(2) and 1446 (b)(2)(A), respectively.

12.     In addition, removal requires an amount in controversy which "exceeds the sum or value of $75,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(a).

13.     Based upon the averments contained in Plaintiff's Complaint, the amount in controversy in this action exceeds $75,000, exclusive of interests and costs. *See* Exhibit "A" at unnumbered "wherefore" paragraphs following Counts I, II, III and IV.

14.     Specifically, Plaintiff Cynthia Taylor alleges in the Complaint that she sustained "bilateral shoulder strain and sprain, cervical spine strain and sprain, post concussion syndrome, post traumatic headaches, lumbar strain and sprain, left shoulder rotator cuff tendinopathy/tendinosis, right shoulder supraspinatus and subscapularis tendinosis/tendinopathy with distal interstitial tearing, cervical disc bulges, lumbar disc bulges and a severe shock to her nerves and nervous system," and "has undergone and will undergo great pain and suffering, she has required and will require continued medical attention and treatment, and she has otherwise been injured and damaged; further, said Plaintiff Cynthia Taylor has been and may in the future be disabled and prevented from following her usual occupation and from performing her customary duties and she has suffered a loss and depreciation of her earning power and will continue to suffer such loss and depreciation for an indefinite period of time in the future, all to her great loss and detriment." *See* Exhibit "A," at ¶¶ 7 - 8.

15.     Plaintiff Willie Johnson alleges in the Complaint that he sustained "cervical sprain and strain, thoracic sprain and strain, myofascial pain of the trapezius, full thickness rotator cuff on the right, acute right C5-6 radiculopathy, cervical disc herniations C4-5, C5-6, C6-7 and a severe shock to his nerves and nervous system," and "has undergone and will undergo great pain and suffering, he has required and will require continued medical attention and treatment, and he has otherwise been injured and damaged; further, said Plaintiff Willie

Johnson has been and may in the future be disabled and prevented from following his usual occupation and from performing his customary duties and he has suffered a loss and depreciation of his earning power and will continue to suffer such loss and depreciation for an indefinite period of time in the future, all to his great loss and detriment." *See* Exhibit "A," at ¶¶ 21 - 22.

16.     Pursuant to 28 U.S.C. §§ 1332(a), and 1441(a), this Court possesses original jurisdiction of this action because the amount in controversy exceeds $75,000 and because this action is between citizens of different states. That is, Plaintiff is diverse from Defendants.  Moreover, Defendants are not citizens of the State of Pennsylvania, where the original action was filed. Further, the Eastern District of Pennsylvania embraces Philadelphia County, where the current action is pending in the Court of Common Pleas of Philadelphia County in the Commonwealth of Pennsylvania.

17.     For the aforementioned reasons, this lawsuit is properly removable from Pennsylvania State Court to the United States District Court, Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1332(a)(1), 1441(a) and 1446(b) .

18.     Defendants, Curtis Lynn Myers and Riggs Distler & Company, Inc., expressly reserve the right to raise all defenses and objections in this action after it is removed to this Honorable Court.

19.     A true and correct copy of this Notice of Removal is being filed with the Prothonotary of Philadelphia County Court of Common Pleas, as provided by 28 U.S.C. § 1446(d).

20.     Written Notice of the filing of this Notice of Removal will be given to all served parties as required by 28 U.S.C. § 1446(d).

21.    No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, affirmative defenses and motions are hereby reserved to Defendants, Curtis Lynn Myers and Riggs Distler & Company, Inc.

WHEREFORE, Defendants, Curtis Lynn Myers and Riggs Distler & Company, Inc., hereby remove the above-captioned action, which is now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.

KIERNAN TREBACH LLP

_____
SARAH M. BAKER, ESQUIRE
Attorney ID No. 023982007
Ten Penn Center Plaza, Suite 770
1801 Market Street
Philadelphia, PA 19103
Tel.: (215)569-4433
Fax: (215)569-4434
*Attorney for Defendants, Curtis Lynn Myers and*
*Riggs Distler & Company, Inc.*

Date: September 14, 2022

**CERTIFICATE OF SERVICE**

I, Sarah M. Baker, Esquire, hereby certify that, on September 14, 2022, I have served the

foregoing Notice of Removal by Defendants Curtis Lynn Myers and Riggs Distler & Company,

Inc. electronically on counsel of record using the Court's CM/ECF system.

**COUNSEL FOR PLAINTIFF**
J. Michael Luber, Esquire
1420 Walnut Street
Suite 300
Philadelphia, PA  19102

**KIERNAN TREBACH LLP**

_____
SARAH M. BAKER, ESQUIRE

# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division
# Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| **AUGUST 2022** | **001368** |
| E-Filing Number: 2208023318 | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| CYNTHIA TAYLOR | CURTIS LYNN MYERS |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 103 GARFIELD AVENUE APT 23 WEST CHESTER PA 19380 | 337 WAKEFIELD ROAD HAGERSTOWN MD 21740 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| WILLIE JOHNSON | RIGGS DISTLER & COMPANY INC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 103 GARFIELD AVENUE APT 23 WEST CHESTER PA 19380 | 4 ESTERBROOK LANE CHERRY HILL NJ 08003 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 2 | ☒ Complaint   ☐ Petition Action   ☐ Notice of Appeal<br>☐ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | | |
|---|---|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☐ Jury<br>☒ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival | |

CASE TYPE AND CODE

2V - MOTOR VEHICLE ACCIDENT

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED PRO PROTHY**<br><br>AUG **11** 2022<br><br>I. LOWELL | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES       NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: CYNTHIA TAYLOR , WILLIE JOHNSON

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | | ADDRESS |
|---|---|---|
| MICHAEL I. LUBER | | 1420 WALNUT STREET SUITE 300 |
| PHONE NUMBER | FAX NUMBER | PHILADELPHIA PA 19102 |
| (215)496-1000 | (215)496-9025 | |
| SUPREME COURT IDENTIFICATION NO. | | E-MAIL ADDRESS |
| 2041 | | imichaelluber@aol.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY | | DATE SUBMITTED |
| *MICHAEL LUBER* | | Thursday, August 11, 2022, 10:37 am |

I. MICHAEL LUBER, ESQUIRE
Attorney ID# 02041
1420 Walnut Street, Suite 300
Philadelphia, PA   19102
(215) 496-1000

Filed and Attested by the
Office of Judicial Records
11 AUG 2022 10:37 am
I. LOWELL

Attorney for Plaintiff

Cynthia Taylor                          : COURT OF COMMON PLEAS
103 Garfield Ave., Apt 23               : PHILADELPHIA  COUNTY
West Chester, PA   19380                :
        And                             :
Willie Johnson                          :
103 Garfield Ave., Apt 23               :
West Chester, PA   19380                :
        vs.                             :
Curtis Lynn Myers                       :
337 Wakefield Road                      :
Hagerstown, MD  21740                   :
        and                             :
Riggs Distler & Company, Inc.           :
4 Esterbrook Lane                       :
Cherry Hill, NJ   08003                 :

## "NOTICE

"You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA  COUNTY BAR ASSOCIATION
LAWYER  REFERRAL AND INFORMATION SERVICE
1101 MARKET STREET
PHILADELPHIA, PA   19107
(215) 238-6300

## "AVISO

"Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

"LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A AL OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

PHILADELPHIA  COUNTY BAR ASSOCIATION
LAWYER  REFERRAL AND INFORMATION SERVICE
1101 MARKET STREET
PHILADELPHIA, PA   19107
(215) 238-6300

Case ID: 220801368

I. MICHAEL LUBER, ESQUIRE
Attorney I.D. No. 02041
1420 Walnut Street, Suite 300
Philadelphia, PA   19102
(215) 496-1000                          Attorney for Plaintiffs

---

Cynthia Taylor                      : COURT OF COMMON PLEAS
103 Garfield Ave., Apt 23           : PHILADELPHIA  COUNTY
West Chester, PA   19380            :
          And                       :
Willie Johnson                      :
103 Garfield Ave., Apt 23           :
West Chester, PA   19380            :
      vs.                           :
Curtis Lynn Myers                   :
337 Wakefield Road                  :
Hagerstown, MD  21740               :
      and                           :
Riggs Distler & Company, Inc.       :
4 Esterbrook Lane                   :
Cherry Hill, NJ · 08003             :

CIVIL ACTION COUNT I
Cynthia Taylor vs. Curtis Lynn Myers

1. The Plaintiff Cynthia Taylor is an adult individual who resides at 103 Garfield Avenue, Apartment 23, West Chester, Pa.

2. The Plaintiff Willie Johnson is an adult individual who resides at 103 Garfield Avenue, Apartment 23, West Chester, Pa.

3. The Defendant Curtis Lynn Myers is an adult individual who resides at 337 Wakefield Road, Hagerstown, Maryland. At all times material and relevant herein, the Defendant Curtis Lynn Myers was an agent, servant, workman and/or employee of the Defendant Riggs Distler & Company, Inc. and as such was acting within the course and scope of his employment.

4. The Defendant Riggs Distler & Company, Inc., is a Maryland corporation with a corporate office located 4 Esterbrook Lane, Cherry Hill, New Jersey.   The

Case ID: 220801368

defendant Riggs Distler & Company, Inc. regularly transacts and conducts business in the Commonwealth of Pennsylvania and the City and County of Philadelphia.   At all times material and relevant hereto the Defendant Riggs Distler & Company, Inc., was the employer of the Defendant Curtis Lynn Myers.

5.   On or about April 5, 2021 at or about 2:00 p.m. the Plaintiff Cynthia Taylor was  lawfully operating her vehicle, in which Plaintiff Willie Johnson was a passenger, east on West Chester Pike at or near North Chester Road, Westtown Township, Delaware County, Commonwealth of Pennsylvania.

6.   On the above date and time, the Defendant Curtis Lynn Myers did operate a work truck owned and/or leased by the Defendant Riggs Distler & Company, Inc.,  east on West Chester Pike while in the course and scope of his employment for the said Defendant and in such a careless, reckless and negligent manner that he suddenly without warning or notice and with great force and violence struck Plaintiffs car as he attempted to enter/merge into the right turn lane of West Chester Pike at or near  North Chester Road  thereby striking Plaintiffs vehicle causing the Plaintiffs to be tossed and thrown about thereby sustaining serious and painful permanent injuries.

7.   As a result of the aforesaid occurrence the Plaintiff Cynthia Taylor was caused to sustain serious and painful personal injuries rendering her sick, sore and disordered and more particularly she sustained a serious impairment of a bodily function, including but not limited to bilateral shoulder strain and sprain, cervical spine strain and sprain, post concussion syndrome, post traumatic headaches, lumbar strain and sprain, left shoulder rotator cuff tendinopathy/tendinosis, right shoulder supraspinatus and subscapularis tendinosis/tendinopathy with distal interstitial tearing, cervical disc bulges, lumbar disc bulges  and a severe shock to her nerves and nervous system, some or all of which  injuries may be permanent in nature.

8.  As a result of the aforesaid occurrence, the Plaintiff Cynthia Taylor has undergone and will undergo great pain and suffering, she has required and will require continued medical attention and treatment, and she has otherwise been injured and damaged; further, said Plaintiff Cynthia Taylor has been and may in the future be disabled and prevented from following her usual occupation and from performing her customary duties and she has suffered a loss and depreciation of her earning power and will continue to suffer such loss and depreciation for an indefinite period of time in the future, all to her great loss and detriment.

9.  As a further result of this occurrence, the Plaintiff Cynthia Taylor has been and may in the future be compelled to expend monies for medicine, medical care and treatment rendered necessary as a result of the injuries aforesaid, all to her great loss and detriment.

10.  The negligence of the Defendant Curtis Lynn Myers consisted of the following:

(a)  operating said work truck  in a negligent, careless and/or reckless manner without regard for the rights or safety of plaintiffs or others;

(b)  failing to have said work truck under proper and adequate control;

(c)  failing to observe the position of the plaintiffs and to take such action as was necessary to prevent striking the plaintiffs vehicle;

(d)  failing to yield to a vehicle that was lawfully in a traffic lane;

(e)  being inattentive to defendant's duties as an operator of a work truck;

(f) disregarding traffic lanes, patterns and other devices;

(g)  failing to keep an adequate distance from vehicles in the vicinity of the plaintiffs;

(h)  failing to remain continually alert while operating said work truck;

(i) failing to be highly vigilant and maintain sufficient control of said work truck and to bring it to a stop on the shortest possible notice;

(j) operating a work truck at an excessive rate of speed under the circumstances;

(k) failure to obey the rules of the road and ordinances of Chester County and the statutes of the Commonwealth of Pennsylvania while operating the work vehicle on the highways and roadways of this Commonwealth;

(l) operating a work truck without due regard for the right, safety and position of the plaintiffs under the circumstances;

(m) exhibiting a reckless and wanton disregard toward the rights and safety of the plaintiffs and others herein;

(n) in failing to apply the brakes in time to avoid the collision;

(o) in failing to exercise the high degree of care required of a motorist while driving;

(p) in failing to keep a reasonable look-out for other vehicles lawfully on the road;

(q) in failing to yield the right-of-way to traffic already upon the highway;

(r ) in failing to observe traffic directly in front of him;

(s) in failing to keep a proper lookout for approaching vehicles;

(t) in violating _75 Pa.C.S. Section 3361_ - driving at a safe speed;

(u) in violating _75 Pa.C.S. Section 3714_ - careless driving;

(v) in violating _75 Pa.C.S. Section 3736_ - reckless driving;

(w) in violating _75 Pa.C.S. Section 3334_ – turning movements and required signals.

WHEREFORE, Plaintiff Cynthia Taylor demands judgment against the Defendant Curtis Lynn Myers in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS.

COUNT II – NEGLIGENT ENTRUSTMENT

Cynthia Taylor vs. Riggs Distler & Company Inc.

11.   Plaintiff incorporates paragraphs 1 through 10 as though same were more fully set forth herein at length.

12.   On or about April 5, 2021 at or about 2:00 p.m. the Plaintiff Cynthia Taylor was lawfully operating her vehicle, in which Plaintiff Willie Johnson was a passenger, east on West Chester Pike at or near North Chester Road, Westtown Township, Delaware County, Commonwealth of Pennsylvania.

13.   On the above date and time, the Defendant Curtis Lynn Myers did operate a work truck owned and/or leased by the Defendant Riggs Distler & Company, Inc., east on West Chester Pike while in the course and scope of his employment for the said Defendant and in such a careless, reckless and negligent manner that he suddenly without warning or notice and with great force and violence struck Plaintiffs car as he attempted to enter/merge into the right turn lane of West Chester Pike at or near North Chester Road thereby striking Plaintiffs vehicle causing the Plaintiffs to be tossed and thrown about thereby sustaining serious and painful permanent injuries.

14.   As a result of the aforesaid occurrence the Plaintiff Cynthia Taylor was caused to sustain serious and painful personal injuries rendering her sick, sore and disordered and more particularly she sustained a serious impairment of a bodily function, including but not limited to bilateral shoulder strain and sprain, cervical spine strain and sprain, post concussion syndrome, post traumatic headaches, lumbar strain and sprain,

left shoulder rotator cuff tendinopathy/tendinosis, right shoulder supraspinatus and subscapularis tendinosis/tendinopathy with distal interstitial tearing, cervical disc bulges, lumbar disc bulges  and a severe shock to her nerves and nervous system, some or all of which  injuries may be permanent in nature.

15.  As a result of the aforesaid occurrence, the Plaintiff Cynthia Taylor has undergone and will undergo great pain and suffering, she has required and will require continued medical attention and treatment, and she has otherwise been injured and damaged; further, said Plaintiff Cynthia Taylor has been and may in the future be disabled and prevented from following her usual occupation and from performing her customary duties and she has suffered a loss and depreciation of her earning power and will continue to suffer such loss and depreciation for an indefinite period of time in the future, all to her great loss and detriment.

16.  As a further result of this occurrence, the Plaintiff Cynthia Taylor has been and may in the future be compelled to expend monies for medicine, medical care and treatment rendered necessary as a result of the injuries aforesaid, all to her great loss and detriment.

17.  The negligence of the Defendant  Riggs Distler & Company, Inc, consisted of the following:

> (a)  failing to properly train their workmen, agents, servants and/or employees;
>
> (b)  failing to ensure that their workmen, agents, servants and/or employees were knowledgeable in the operation of work vehicles;
>
> (c)  failing to properly supervise their workmen, agents, servants and/or employees;

WHEREFORE, Plaintiff Cynthia Taylor demands judgment against the Defendant Riggs Distler & Company, Inc in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS.

## COUNT III

### Willie Johnson vs. Curtis Lynn Myers

18. Plaintiff incorporates paragraphs 1 through 17 as though same were more fully set forth herein at length

19. On or about April 5, 2021 at or about 2:00 p.m. the Plaintiff Cynthia Taylor was lawfully operating her vehicle, in which Plaintiff Willie Johnson was a passenger, east on West Chester Pike at or near North Chester Road, Westtown Township, Delaware County, Commonwealth of Pennsylvania.

20. On the above date and time, the Defendant Curtis Lynn Myers did operate a work truck owned and/or leased by the Defendant Riggs Distler & Company, Inc., east on West Chester Pike while in the course and scope of his employment for the said Defendant and in such a careless, reckless and negligent manner that he suddenly without warning or notice and with great force and violence struck Plaintiffs car as he attempted to enter/merge into the right turn lane of West Chester Pike at or near North Chester Road thereby striking Plaintiffs vehicle causing the Plaintiffs to be tossed and thrown about thereby sustaining serious and painful permanent injuries.

21. As a result of the aforesaid occurrence the Plaintiff Willie Johnson was caused to sustain serious and painful personal injuries rendering him sick, sore and disordered and more particularly he sustained a serious impairment of a bodily function, including but not limited to cervical sprain and strain, thoracic sprain and strain, myofascial pain of the trapezius, full thickness rotator cuff on the right, acute right C5-6

radiculopathy, cervical disc herniations C4-5, C5-6, C6-7 and a severe shock to his nerves and nervous system, some or all of which injuries may be permanent in nature.

22.  As a result of the aforesaid occurrence, the Plaintiff Willie Johnson has undergone and will undergo great pain and suffering, he has required and will require continued medical attention and treatment, and he has otherwise been injured and damaged; further, said Plaintiff Willie Johnson has been and may in the future be disabled and prevented from following his usual occupation and from performing his customary duties and he has suffered a loss and depreciation of his earning power and will continue to suffer such loss and depreciation for an indefinite period of time in the future, all to his great loss and detriment.

23.  As a further result of this occurrence, the Plaintiff Willie Johnson has been and may in the future be compelled to expend monies for medicine, medical care and treatment rendered necessary as a result of the injuries aforesaid, all to his great loss and detriment.

24.  The negligence of the Defendant Curtis Lynn Myers consisted of the following:

> (a)  operating said work truck in a negligent, careless and/or reckless manner without regard for the rights or safety of plaintiffs or others;
>
> (b)  failing to have said work truck under proper and adequate control;
>
> (c)  failing to observe the position of the plaintiffs and to take such action as was necessary to prevent striking the plaintiffs vehicle;
>
> (d)  failing to yield to a vehicle that was lawfully in a traffic lane;
>
> (e)  being inattentive to defendant's duties as an operator of a work truck;
>
> (f)  disregarding traffic lanes, patterns and other devices;

(g)  failing to keep an adequate distance from vehicles in the vicinity of the plaintiffs;

(h)  failing to remain continually alert while operating said work truck;

(i)  failing to be highly vigilant and maintain sufficient control of said work truck and to bring it to a stop on the shortest possible notice;

(j)  operating a work truck at an excessive rate of speed under the circumstances;

(k)  failure to obey the rules of the road and ordinances of <u>Chester</u> County and the statutes of the Commonwealth of Pennsylvania while operating the work vehicle on the highways and roadways of this Commonwealth;

(l)  operating a work truck without due regard for the right, safety and position of the plaintiffs  under the circumstances;

(m)  exhibiting a reckless and wanton disregard toward the rights and safety of the plaintiffs and others herein;

(n)  in failing to apply the brakes in time to avoid the collision;

(o)  in failing to exercise the high degree of care required of a motorist while  driving;

(p)  in failing to keep a reasonable look-out for other vehicles lawfully on the road;

(q)  in failing to yield the right-of-way to traffic already upon the highway;

(r )  in failing to observe  traffic directly in front of him;

(s)  in failing to keep a proper lookout for approaching vehicles;

(t)  in violating <u>*75 Pa.C.S. Section 3361*</u> - driving at a safe speed;

(u)  in violating <u>*75 Pa.C.S. Section 3714*</u> - careless driving;

(v)  in violating *75 Pa.C.S. Section 3736* - reckless driving;

(w)  in violating *75 Pa.C.S. Section 3334* – turning movements and required signals.

WHEREFORE, Plaintiff Willie Johnson demands judgment against the Defendant Curtis Lynn Myers in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS.

## COUNT IV – NEGLIGENT ENTRUSTMENT

### Willie Johnson  vs.  Riggs Distler & Company Inc.

25.  Plaintiff incorporates paragraphs 1 through 24 as though same were more fully set forth herein at length.

26.  On or about April 5, 2021 at or about 2:00 p.m. the Plaintiff Cynthia Taylor was  lawfully operating her vehicle, in which Plaintiff Willie Johnson was a passenger, east on West Chester Pike at or near North Chester Road, Westtown Township, Delaware County, Commonwealth of Pennsylvania.

27.  On the above date and time, the Defendant Curtis Lynn Myers did operate a work truck owned and/or leased by the Defendant Riggs Distler & Company, Inc.,  east on West Chester Pike while in the course and scope of his employment for the said Defendant and in such a careless, reckless and negligent manner that he suddenly without warning or notice and with great force and violence struck Plaintiffs car as he attempted to enter/merge into the right turn lane of West Chester Pike at or near  North Chester Road  thereby striking Plaintiffs vehicle causing the Plaintiffs to be tossed and thrown about thereby sustaining serious and painful permanent injuries.

28.  As a result of the aforesaid occurrence the Plaintiff Willie Johnson was caused to sustain serious and painful personal injuries rendering him sick, sore and disordered and more particularly he sustained a serious impairment of a bodily function,

including but not limited to cervical sprain and strain, thoracic sprain and strain, myofascial pain of the trapezius, full thickness rotator cuff on the right, acute right C5-6 radiculopathy, cervical disc herniations C4-5, C5-6, C6-7  and a severe shock to his nerves and nervous system, some or all of which  injuries may be permanent in nature.

29.  As a result of the aforesaid occurrence, the Plaintiff Willie Johnson has undergone and will undergo great pain and suffering, he has required and will require continued medical attention and treatment, and he has otherwise been injured and damaged; further, said Plaintiff Willie Johnson has been and may in the future be disabled and prevented from following his usual occupation and from performing his customary duties and he has suffered a loss and depreciation of his earning power and will continue to suffer such loss and depreciation for an indefinite period of time in the future, all to his great loss and detriment.

30.  As a further result of this occurrence, the Plaintiff Willie Johnson has been and may in the future be compelled to expend monies for medicine, medical care and treatment rendered necessary as a result of the injuries aforesaid, all to his great loss and detriment.

31.  The negligence of the Defendant  Riggs Distler & Company, Inc, consisted of the following:

> (a)   failing to properly train their workmen, agents, servants and/or employees;
>
> (b)   failing to ensure that their workmen, agents, servants and/or employees were knowledgeable in the operation of work vehicles;
>
> (c)  failing to properly supervise their workmen, agents, servants and/or employees;

WHEREFORE, Plaintiff Willie Johnson demands judgment against the Defendant Riggs Distler & Company, Inc in a sum in excess of FIFTY THOUSAND ($50,000.00) DOLLARS.

BY:_____/s/_____
I. MICHAEL LUBER, ESQUIRE
Attorney for Plaintiffs

VERIFICATION

I, Willie Johnson, hereby state the following:

1.  I am the Plaintiff in this action;

2.  I verify that the statements made in the foregoing pleading are true and correct to the best of my knowledge, information and belief; and

3.  I understand that the statements in the said pleading are made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

WILLIE JOHNSON

VERIFICATION

I, Cynthia Taylor, hereby state the following:

1.   I am the Plaintiff in this action;

2.   I verify that the statements made in the foregoing pleading are true and correct to the best of my knowledge, information and belief; and

3.   I understand that the statements in the said pleading are made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

CYNTHIA TAYLOR

Case ID: 220801368