IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CYNTHIA TAYLOR and WILLIE JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>CURTIS LYNN MYERS and RIGGS DISTLER & COMPANY, INC.,<br><br>Defendants | Civil Action No. 2:22-cv-03674:<br><br>(Judge Cynthia M. Rufe)<br><br><br><br>JURY TRIAL DEMANDED |

**ANSWER OF DEFENDANT, CURTIS LYNN MYERS, TO PLAINTIFFS'
COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendant, Curtis Lynn Myers (hereinafter referred to as "Answering Defendant"), by and through his undersigned counsel, KIERNAN TREBACH LLP, herein answers Plaintiffs' Complaint and avers as follows:

**CIVIL ACTION COUNT I**
**Cynthia Taylor vs. Curtis Lynn Myers**

1. Admitted in part; denied in part. Upon information and belief, it is admitted only that Plaintiff Taylor is an adult individual. As to the remaining averments, Answering Defendant is without sufficient knowledge of Plaintiffs' current address to form a belief as to the truth of the averments in this paragraph, hence said averments are denied. Strict proof thereof is demanded at trial.

2. Admitted in part; denied in part. Upon information and belief, it is admitted only that Plaintiff Johnson is an adult individual. As to the remaining averments, Answering Defendant is without sufficient knowledge of Plaintiffs' current address to form a belief as to

the truth of the averments in this paragraph, hence said averments are denied. Strict proof thereof is demanded at trial.

3. Admitted in part and denied in part. Admitted only that Answering Defendant, Curtis Lynn Myers, is an adult individual who resides at 337 Wakefield Road, Hagerstown, Maryland. The remaining allegations contained in this paragraph are conclusions of law to which no response is required. Therefore, said allegations are deemed denied.

4. Denied. The allegations contained in this paragraph are not directed at Answering Defendant and therefore no response is required. To the extent a response is deemed required, said allegations are denied.

5. Denied. Answering Defendant is without sufficient knowledge to form a belief as to the truth of the averments in this paragraph, hence said averments are denied. Strict proof thereof is demanded at trial.

6. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required. Therefore, said allegations are deemed denied.

7. Denied. Answering Defendant is without sufficient knowledge to form a belief as to the truth of the averments in this paragraph, hence said averments are denied. Strict proof thereof is demanded at trial.

8. Denied. Answering Defendant is without sufficient knowledge to form a belief as to the truth of the averments in this paragraph, hence said averments are denied. Strict proof thereof is demanded at trial.

9. Denied. Answering Defendant is without sufficient knowledge to form a belief as to the truth of the averments in this paragraph, hence said averments are denied. Strict proof thereof is demanded at trial.

10. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required. Therefore, said allegations are deemed denied.

(a) through (w). Denied. The allegations contained in subparagraphs (a) through (w) of paragraph 10 are conclusions of law to which no response is required. Therefore, said allegations are deemed denied.

WHEREFORE, Defendant, Curtis Lynn Myers, demands judgment in his favor, and against Plaintiff, together with interest, fees and costs, as the Court deems just and appropriate.

## COUNT II – NEGLIGENT ENTRUSTMENT
### Cynthia Taylor vs. Riggs Distler & Company, Inc.

11. Answering Defendant, Curtis Lynn Myers, incorporates all preceding paragraphs as though they were full set forth herein.

12. Denied. Answering Defendant is without sufficient knowledge to form a belief as to the truth of the averments in this paragraph, hence said averments are denied. Strict proof thereof is demanded at trial.

13. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required. Therefore, said allegations are deemed denied.

14. Denied. Answering Defendant is without sufficient knowledge to form a belief as to the truth of the averments in this paragraph, hence said averments are denied. Strict proof thereof is demanded at trial.

15. Denied. Answering Defendant is without sufficient knowledge to form a belief as to the truth of the averments in this paragraph, hence said averments are denied. Strict proof thereof is demanded at trial.

16. Denied. Answering Defendant is without sufficient knowledge to form a belief as to the truth of the averments in this paragraph, hence said averments are denied. Strict proof thereof is demanded at trial.

17. Denied. The allegations contained in this paragraph are not directed at Answering Defendant and therefore no response is required. To the extent a response is deemed required, said allegations are denied.

> (a) through (c). Denied. The allegations contained in this paragraph are not directed at Answering Defendant and therefore no response is required. To the extent a response is deemed required, said allegations are denied.

WHEREFORE, Defendant, Curtis Lynn Myers, demands judgment in his favor, and against Plaintiff, together with interest, fees and costs, as the Court deems just and appropriate.

## COUNT III
## Willie Johnson vs. Curtis Lynn Myers

18. Answering Defendant, Curtis Lynn Myers, incorporates all preceding paragraphs as though they were full set forth herein.

19. Denied. Answering Defendant is without sufficient knowledge to form a belief as to the truth of the averments in this paragraph, hence said averments are denied. Strict proof thereof is demanded at trial.

20. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required. Therefore, said allegations are deemed denied.

21. Denied. Answering Defendant is without sufficient knowledge to form a belief as to the truth of the averments in this paragraph, hence said averments are denied. Strict proof thereof is demanded at trial.

22. Denied. Answering Defendant is without sufficient knowledge to form a belief as to the truth of the averments in this paragraph, hence said averments are denied. Strict proof thereof is demanded at trial.

23. Denied. Answering Defendant is without sufficient knowledge to form a belief as to the truth of the averments in this paragraph, hence said averments are denied. Strict proof thereof is demanded at trial.

24. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required. Therefore, said allegations are deemed denied.

    (a) through (w). Denied. The allegations contained in this paragraph are conclusions of law to which no response is required. Therefore, said allegations are deemed denied.

WHEREFORE, Defendant, Curtis Lynn Myers, demands judgment in his favor, and against Plaintiff, together with interest, fees and costs, as the Court deems just and appropriate.

### COUNT IV – NEGLIGENT ENTRUSTMENT
**Willie Johnson vs. Riggs Distler & Company, Inc.**

25. Answering Defendant, Curtis Lynn Myers, incorporates all preceding paragraphs as though they were full set forth herein.

26. Denied. Answering Defendant is without sufficient knowledge to form a belief as to the truth of the averments in this paragraph, hence said averments are denied. Strict proof thereof is demanded at trial.

27. Denied. The allegations contained in this paragraph are conclusions of law to which no response is required. Therefore, said allegations are deemed denied.

28. Denied. Answering Defendant is without sufficient knowledge to form a belief as to the truth of the averments in this paragraph, hence said averments are denied. Strict proof thereof is demanded at trial.

29. Denied. Answering Defendant is without sufficient knowledge to form a belief as to the truth of the averments in this paragraph, hence said averments are denied. Strict proof thereof is demanded at trial.

30. Denied. Answering Defendant is without sufficient knowledge to form a belief as to the truth of the averments in this paragraph, hence said averments are denied. Strict proof thereof is demanded at trial.

31. Denied. The allegations contained in this paragraph are not directed at Answering Defendant and therefore no response is required. To the extent a response is deemed required, said allegations are denied.

(a) through (c). Denied. The allegations contained in this paragraph are not directed at Answering Defendant and therefore no response is required. To the extent a response is deemed required, said allegations are denied.

WHEREFORE, Defendant, Curtis Lynn Myers, demands judgment in his favor, and against Plaintiff, together with interest, fees and costs, as the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims, if any, are barred and/or substantially reduced due to Plaintiffs' comparative/contributory negligence.

3. Answering Defendant hereby pleads defenses under the doctrine of assumption of the risk with respect to outcomes, damages, and complications, of which Plaintiff was well informed and chose to assume.

4. Plaintiffs' claims, if any, are barred by the statute of limitations.

5. Plaintiffs' damages, if any, were the direct, proximate and sole result, or were substantially contributed to, by the negligence, carelessness, and recklessness of parties, entities and/or individuals over whom Answering Defendant had no control or right of control and for whom Answering Defendant is not responsible.

6. No act or omission of Answering Defendant caused or contributed to Plaintiffs' alleged claims, injuries or damages, if any, in this matter, the existence of any said act, omission, or harm being expressly denied.

7. Plaintiffs' damages, if any, were caused by circumstances over which Answering Defendant had no control and no right to control or involvement.

8. To the extent any collateral source provides benefits to Plaintiffs for medical bills, wages or other damages, Plaintiffs' recovery, if any, against Answering Defendant must be reduced by that amount.

9. Plaintiffs' claims, if any, are barred by the doctrines of collateral estoppel or res judicata.

10. Plaintiffs' claims, if any, are be barred by the doctrines of laches or waiver.

11. Plaintiffs' claims, if any, are barred and/or reduced by Plaintiffs' failure to mitigate damages, if any.

12. Plaintiffs' claims, if any, are barred and/or limited by any releases that Plaintiff has executed or will execute in favor of any person or party.

13. Plaintiffs' claims, if any, are barred and/or substantially reduced by the doctrine of unclean hands.

14. Plaintiffs' damages, if any, were caused in whole or in part by the acts or omissions of third parties over whose actions Answering Defendant had no control or right to control and for whose conduct they are not responsible.

15. Plaintiffs' damages, if any, were the direct, proximate and sole result, or were substantially contributed to, by the negligence and/or carelessness of parties, entities and/or individuals over whom Answering Defendant had no control or right of control and for whom Answering Defendant is not responsible.

16. Plaintiffs' damages, if any, were caused by circumstances over which Answering Defendant had no control and no right to control or involvement.

17. Insofar as, and to the extent that, any injuries, losses and damages to Plaintiff, if any, were the result, in whole or in part, of an ordinary disease of life, idiosyncratic reaction or some other circumstance, event or exposure, responsibility, if any, for damages to the extent thereof must be apportioned and allocated, in whole or in part, to such cause(s).

18. Plaintiffs' claims, if any, are barred by the doctrines of laches or waiver.

19. Answering Defendant hereby pleads defenses under the doctrine of assumption of the risk with respect to outcomes, damages, and complications, of which Plaintiff was well informed and chose to assume.

20. Plaintiffs' claims, if any, are barred and/or reduced by Plaintiffs' failure to mitigate damages, if any.

21. Plaintiffs' claims, if any, are barred and/or limited by any releases that Plaintiff has executed or will execute in favor of any person or party.

22. Plaintiffs' claims are barred and/or limited to the extent that their injuries, to the extent there were any, were the consequence of a pre-existing or underlying disease condition.

23. Plaintiffs' claims are barred and/or limited to the extent that their injuries, to the extent there were any, were sustained subsequent in time to the alleged incident.

24. Upon information and belief, Plaintiff's claims are barred by her failure to obey traffic-control devices on the date in question, resulting in her alleged injuries.

25. Upon information and belief, Plaintiff's claims are barred by her failure to comply with applicable traffic laws, including but not limited to 75 Pa.C.S. § 3304, 75 Pa.C.S. § 3307 and 75 Pa.C.S. § 3742.

26. By way of further defense, Answering Defendants specifically reserve the right to plead hereafter those additional affirmative defenses that continuing investigation, discovery and introduction of trial evidence, may render applicable and pertinent to the claims and defenses in this case.

WHEREFORE, Defendant, Curtis Lynn Myers, demands judgment in his favor, and against Plaintiff, together with interest, attorney's fees, and costs, as the Court deems just and appropriate.

Respectfully submitted,
**KIERNAN TREBACH LLP**

Date: October 13, 2022     BY: _/s/ Sarah M. Baker_
SARAH M. BAKER, ESQUIRE
Pennsylvania Attorney ID No. 206536
JOSEPH ROSS, ESQUIRE
Pennsylvania Attorney ID No. 318039
1801 Market Street, Suite 770
Philadelphia, PA 19103
Tel.: (215)569-4433
*Attorneys for Defendants,*
*Riggs Distler & Company, Inc. and Curtis Lynn Myers*

## CERTIFICATE OF SERVICE

I, Sarah M. Baker, Esquire, attorney for Defendant, Riggs Distler & Company, Inc., hereby certify that a true and correct copy of the foregoing Answer with Affirmative Defenses to Plaintiffs' Complaint has been filed electronically with the Court and is available for viewing and downloading from the ECF System by the following:

**Counsel for Plaintiffs:**
J. Michael Luber, Esquire
1420 Walnut Street
Suite 300
Philadelphia, PA  19102
*imichaelluber@aol.com*

KIERNAN TREBACH  LLP

By:_____
SARAH M. BAKER, ESQUIRE
*Attorneys for Defendants,*
*Riggs Distler & Company, Inc. and Curtis Lynn Myers*

Date: October 13, 2022