IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CYNTHIA TAYLOR,** *et al.* <br> **Plaintiffs,** <br><br> v. <br><br> **CURTIS LYNN MYERS,** *et al.* <br> **Defendants.** | **CIVIL ACTION NO. 22-3674** |

## SCHEDULING ORDER

**AND NOW,** this 27th day of October 2022, after a telephone conference with counsel for the parties, the Court hereby enters the following Scheduling Order to govern further proceedings in this case:

1. By **December 27, 2022**, the parties, through counsel, shall jointly report to the Court, in writing, as to whether they wish to have a settlement conference before a magistrate judge, attempt mediation under Local Civil Rule 53.3 (a copy of which is attached hereto as Attachment A), or pursue some other form of alternative dispute resolution, for assistance in resolving the case and, if so, indicate by what date they will be prepared to commence such proceedings. This joint report should be submitted to Chambers by email to Chambers_of_Judge_Cynthia_M_Rufe@paed.uscourts.gov and not filed of record.

2. Fact discovery shall be completed on or before **March 28, 2023**.

3. Plaintiff's expert reports, if any, shall be served on or before **March 28, 2023**.

4. Defendant's responsive reports, if any, shall be served on or before **April 28, 2023**.

5. All dispositive motions shall be filed on or before **May 31, 2023**. The parties are directed to follow Judge Rufe's Policies and Procedures for Summary Judgment, a copy of which is appended hereto as Attachment B.

It is so **ORDERED**.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**
_____
**CYNTHIA M. RUFE, J.**

**Attachment A**

**LOCAL RULE OF CIVIL PROCEDURE 53.3:
ALTERNATIVE DISPUTE RESOLUTION**

1. Litigants in all civil actions, exempting only social security appeals, pro se prisoner civil rights actions, and petitions for habeas corpus, shall be required to consider the use of an alternative dispute resolution process (the "ADR process") at an appropriate stage in the litigation.
2. ADR processes may include mediation and settlement conferences and such other ADR processes as the judge to whom the case is assigned (the "assigned judge") may designate.
3. All ADR processes subject to this Rule shall be confidential, and disclosure by any person of confidential dispute resolution communications is prohibited unless confidentiality has been waived by all participants in the ADR process, or disclosure is ordered by the assigned judge for good cause shown.
4. Nothing in the Rule shall be construed to limit the assigned judge from (a) conducting settlement conferences or referring a matter to a magistrate judge for a settlement conference, or (b) ordering the litigants to participate in an ADR process, or (c) approving or disapproving of an ADR process selected by the litigants.
5. The Alternative Dispute Resolution ("ADR") Committee of the court shall administer, oversee, and evaluate the court's ADR program in accordance with the Alternative Dispute Resolution Act of 1998. The Clerk of Court, or such other person as may be designated from time to time by the Chief Judge, shall serve as the ADR coordinator. Under the direction of the ADR committee, the coordinator shall administer a program for recruitment, screening and training of attorneys to serve as neutrals.
6. The Rule is intended to be flexible so as to permit the court to adopt, from time to time, guidelines and policies for the administration of the ADR program. The procedures promulgated by the court for the implementation of the ADR program shall be maintained on file in the office of the Clerk.
7. Nothing in the Rule shall be construed to amend or modify the provisions of Local Civil Rule 53.2 (compulsory and voluntary arbitration with right of trial *de novo*). Local Civil Rule 53.2.1 (compulsory mediation) is repealed by separate order.

Explanatory Note

The Rule is intended to implement the provisions of the Alternative Dispute Resolution Act of 1998 and to demonstrate the long-standing commitment of the court and its bar to non-binding alternative dispute resolution, without, however, limiting the authority and discretion of the assigned judge. Certain civil actions are exempted from the Rule as cases not appropriate for ADR process pursuant to the Alternative Dispute Resolution Act of 1998.

Effective July 1, 2003

**Attachment B**

**JUDGE RUFE'S REQUIRED PROCEDURE ON SUMMARY
JUDGMENT FOR THOSE MOVING UNDER RULE 56**

1.  **Initial Filing of Moving Party**: A party moving under Rule 56 may move without reference to supporting affidavits or other evidence and, in doing so, the party making the motion shall:

    (1) identify in outline form the issue(s) and/or sub-issue(s) as to which the Motion is directed;
    (2) affirm, on the basis prescribed in Rule 11, that there is no legally sufficient evidentiary basis for the non-movant to prevail upon the issues so identified;
    (3) provide a separate, concise <u>Statement of Stipulated Material Facts</u>, as described below; and
    (4) request judgment.

    The initial filing by the moving party generally should not exceed <u>five double-spaced, type-written pages</u>, excluding the Statement of Stipulated Material Facts.

    No later than 14 days before the case dispositive motion deadline, the parties shall meet and confer about the facts material to the case. The initial filing of the moving party must include a concise Statement of Stipulated Material Facts, which sets forth, in numbered paragraphs, the material facts that the parties agree are not in dispute. Only the facts that bear on material issues shall be included.

2.  **Response of Non-Moving Party**: The non-moving party shall file a Response within 21 days after the Motion for Summary Judgment is served. The Response shall be supported with affidavits, depositions, documents or other evidence permitted by Rule 56. Where applicable, references to such evidence must include specific citations to exhibit, page, and line number. The Response may not exceed <u>25 pages</u>.

3.  **Reply of Moving Party**: The movant shall file a Reply. Such a Reply must be filed not later than fourteen days after the Response from the non-moving party is served. The Reply must specify the relevant exhibit, page, and line numbers when referring to the record. The Reply may not exceed <u>25 pages</u>.

4.  **Sur-Reply of Non-Moving Party (Optional)**: The non-moving party may, within seven days after the Reply is received, file a Sur-reply. The Sur-reply must specify the relevant exhibit, page, and line numbers when referring to the record. The Sur-reply may not exceed <u>10 pages</u>.

*The purpose of this procedure is to encourage the parties in their dispositive motion to track the natural order of trial where the plaintiff sets forth its cause and the defendant then responds.*